Our last case for argument is United States v. Giannakos. Good morning and may it please the Court. My name is Meredith Esser. I'll be arguing this case on behalf of J. Giannukos. Two serious plain errors infected Mr. Giannukos' trial on the gun charges. The first was the instructional error on the definition of constructive possession, and the second was the prosecutor's use of impeachment testimony as substantive evidence of guilt during her closing argument. The instructional error was that the district court instructed the jury that they could find Mr. Giannukos guilty of the two firearm counts if he, quote, knowingly had the power at a given time to exercise dominion and control over them. In Little, this court held that constructive possession requires proof of intent to exercise dominion and control over an object. Counsel, excuse me for jumping in at the very beginning, but I believe the government concedes that the instruction is probably wrong. So we're clearly here on plain error, as I understand it. Now my concern is that this defendant was charged with 924C and 922G1, right? Am I not correct there? Yes. Okay. On plain error, then, we've got the question of his substantial rights having been affected in regards to this matter. Now 924C, which clearly says that the defendant possessed one or both firearms charged in count two in furtherance of a crime, and that's 924. But 922G is the one where we now have said that you've got to have an intent. How can his substantial rights be affected when the jury found that he used one or both of those guns in the furtherance of a crime? Right. So this court has said on numerous occasions that the possession element is a key element of 924C. So the jury would have had to find possession, constructive possession in this case, with respect to both the 922 and the 924C charges. Well, he was convicted of 924C. Yes. And that's a wholly different charge. It is a different charge, but it still refers back to the same possession definition. How can you use a gun in furtherance of a crime if you didn't intend to do it? If I'm standing there holding a gun at you, how can you argue that there's not at least an intent? Or how can you argue that substantial rights under plain error have not been affected? I think if you look at the actual jury instructions for 924C, it's pretty ambiguous. I mean, the way that a jury actually finds the in furtherance factors has very little, if nothing, to do with the mens rea of the defendant and has nothing to do with whether he intentionally possessed anything. They basically are kind of like the status of the firearm. So whether the firearm was loaded or unloaded, whether the firearm was legal or illegal, where it was placed in the house, none of those factors and none of the government's analysis of the in furtherance factors really relate to mens rea. But we're here on plain error, though, counsel. I think you really understand the dilemma I'm working under in regards to the two separate offenses going to substantial rights of your client under plain error. So I don't want to interfere anymore with your argument in regards to that. No, and I think I understand more what you're getting at, which is why is it plain when this is 924C as opposed to 922G? And I think the answer is that in Little, yes, it happened to be a 922G case, but the definition of constructive possession was changed, and that definition applies across lots of different statutes. Are you saying, then, that that has to be incorporated into 924C? Yes. The definition of constructive possession is incorporated into the 924C instruction because one of the elements that the jury needed to find was possession of the firearm. Well, if the gun was used in connection with committing a crime, who had possession of it? I mean, I think that maybe a hypothetical circumstance would kind of flesh out the argument here. So the evidence was fairly overwhelming that the gun that was found in the bedroom belonged to Ashley. Her DNA was on it, primarily female DNA. It was found, the holster was found in her bag. The gun was found under her bag. So let's assume, hypothetically, that that gun was hers. There's not really that much in the record about the other gun. It was in a common area. So, you know, there's really not much about that in this case. But if we assume that neither one of those guns was possessed by Mr. Gianucos under the new definition, I think the jury could still have found that the gun was possessed by Ashley, that Mr. Gianucos knew that Ashley had that gun, and that the fact that she had that gun actually did further, in some sense, his drug crimes, because maybe it would have, in some way, deterred robbers from coming in, just knowing that the gun was there. I think that there is a theory of this case in which the knowing possession can be squared with the infurtherance factors. And that's because of what I mentioned before, which is that the jury is directed by the instruction that infurtherance means these factors. And those factors don't actually relate to mens rea or relate to the firearm nexus between a particular defendant and the firearm. Counsel, just picking up there. So let me see if I understand. This is slightly different than what you're saying, but I think this is what you're arguing, is that with regard to the 924C instruction, the jury had to find possession. Is that correct? Yes. They were instructed to find possession. Yes. And then they could have gone back to the erroneous constructive possession instruction and done the wrong thing. Yes.  It's not quite what I'm arguing. I mean, I think that at the time of trial, the possession element in 924C did mean knowing possession. And I think the prosecutor's closing statement pointed the jury to that erroneous instruction, now erroneous instruction, at several points. And so, yes, I think the jury could have looked at that. Okay, all we need to find is knowing possession, and then we look at these factors to satisfy the infurtherance aspect of the 924C charge. And I think all that this court really needs to find is that there's uncertainty, that the jury's verdict is called into question. And I think when these two instructions are in conflict, I think that that's shown because the jury could have said, okay, knowing possession, and then these factors that don't have to do with mens rea, so 924C is met. And what remedy do we have then, if that's where we end up? Vacating the gun charges and granting a new trial on the gun charges. So remand for new trial. It isn't total walk away, you're done, right, for the defendant. There would be a new trial with proper instructions. There would be a new trial with proper instructions on the gun charges. Of course, he was convicted of the drug charges, which we haven't raised. Turning to the other error, which was the statements of counsel. So there was at least one statement that was also conceded plain error, which was when the prosecutor argued in her closing argument that we know from Ashley Humberkaus because of what she told on the day in question, on the date of this incident, that before the home invasion, she had never seen him with a gun, and then after, he did arm himself with a gun. So that statement only came in through impeachment testimony that could not have been argued to the jury as substantive evidence. And as I laid out in my brief, the tactic of impeaching your own witnesses is a heavily guarded tactic. I did not argue that the statement was improperly admitted, but I think in this kind of controversial, using this controversial trial tactic, the prosecutor was on heightened notice that it needed to be very careful in its closing argument about what the actual evidence was, and really setting that out for the jury with specificity. And she didn't. She argued that this was... Well, counsel, can I just stop you there? Sure. So it's conceded, isn't it, or not, that that was erroneous? Yes. But it's just, okay. So we don't have to go down that path. I mean, I guess I'm wanting you to address how that, maybe your argument is compounded the first error. Can you help me understand that? Sure. Because these statements obviously went to the gun charges as well. So you have the little instruction that's basically decreasing the government's burden of proof on the element of constructive possession. And then you have the government's argument in closing that essentially artificially elevates the weight of the evidence that wasn't actually direct evidence. It was only impeachment evidence. And so I think the way that these two work together is that if we go back to this issue of infuriance and intent, I mean, the jury really could only have found intent, or there was a much stronger evidence of intent based on what the prosecutor was arguing as substantive evidence. Otherwise, the link between Mr. Gianucos and the guns was very weak. If you go, the intentional link between him and the guns was weak, although the knowing link was fairly clear because it was in plain view in his bedroom. In this case, did the court give the usual instruction, reminding the jury that arguments of counsel are not evidence? Yes. Yes. And I think, you know, as I mentioned in my brief, this court does assume that the jury follows the court's instructions, but there are situations that are so egregious where, you know, that assumption can't hold up. And I think this is one of those cases where, and this kind of goes to the context of the trial, where you have the tactic of impeaching your own witnesses, which occurred twice, and you've got multiple statements of the prosecutor in closing argument that were improper. And so I think looking at the whole context of the trial, you know, the jury may not have followed the court's instructions in this particular case because the conduct was so egregious. And I'd like to reserve the rest of my time. Thank you. May it please the court, Carrie Capple, on behalf of the United States. The court here can be confident in the outcome of the trial. That goes to prong three of the plain error analysis. And that is because in this case, unlike the Benford case and unlike the Simpson case, this defendant was charged with 924C and he was convicted of that count beyond a reasonable doubt by the jury. So in order for the jury to have found the defendant guilty of the 924C count, it had to find that the defendant had the gun in order to promote, so in furtherance of the drug trafficking crime, which as explained to the jury, that meant to promote, assist, accomplish the drug trafficking crime. And then looking at the definition of the purpose, purpose and intent, and I did not put this in my brief, but it's something I thought about last night and looked up the definitions to those words. They define each other. So when you look up intent, it talks about purpose. When you look up purpose, it talks about intent. So I disagree with my colleague. She argues that there's no mens rea element in that in furtherance component to the 924C charge. And I disagree. The factors that are given to the jury and the jury instructions to analyze the nexus, the length between the gun and the drug trafficking offense, all go to the defendant's intent and purpose. So it's how accessible was the gun to him? How close was it to the other contraband? What was the circumstances, excuse me, the timing of the possession? So here, this court can have confidence in the outcome of the trial, the convictions on the gun counts, because the jury found that the defendant intended to possess the weapon to further his drug trafficking crime. But the jury, as counsel's pointed out, was relying upon an instruction, which I thought you conceded was erroneous. Yes, Your Honor. We do concede that the constructive possession instruction was erroneous. And don't you also have to look at that same instruction defining possession when the jury is trying to determine the other charge and whether or not there was sufficient proof for it? Yes, Your Honor. We would have to look at that same definition. However, in the 924C context, and as far as my research revealed, there was no case in this circuit dealing with this constructive possession instructional error where the defendant was convicted of the 924C charge. So here, that is why, under plain error review, the defendant cannot meet his burden to show a reasonable probability that the outcome would have been different. Because here we know the jury found that he possessed or used the gun or had control over the gun in furtherance of his drug trafficking. So how could the jury have found? And I think, Your Honor, authored the DeRung Health case, which is an unpublished case. And I will get to the analogy. That's probably why it's unpublished. But there, Your Honor, found in the context of possessing drugs with intent to distribute, and it was a constructive instructional error on constructive possession, but it was in the drug context. And there, this Court found that the defendant could not meet the third prong, because it would be nonsensical to find that the defendant intended to distribute the drugs, but did not intend to possess the drugs. And I would make that analogous argument here. So both in this Court's Simpson case, which was published, and in the DeRung Health case, which is not published, the Court found in both of those cases that even though there was an error on the constructive possession instruction, the defendant could not meet prong three of plain error analysis, because the jury found intent to distribute. And the jury could not have found intent to distribute without also making that extra finding that the defendant intended to possess. Well, intent to distribute is a lot more clear to me than in furtherance of. And we, you know, you know, you're familiar with these cases where we've got guns close to drugs, we have guns close to a lot of things, and we say, well, it's just enough that it's around. And so now you're saying that means now possession. Well, you're right. Just because it is available. As not, you have knowledge of it, you, it's there. Looking at, looking at the instruction that's given. So I understand your point in that, Sarah, and that's why I say it's analogous, but not directly on point. But I would argue that the 924C instruction on the in furtherance, the jury is instructed that that means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense. And so in order to determine what the purpose is. But read the intro to that, that he has the gun, he's possessing the gun. Isn't the word possess in there at some point? It is, Your Honor. So this is directly out of the jury instruction for this case. The defendant possessed one or both of the firearms charged in count two of the crime. And then it explains what in furtherance means. And that's where the purpose of assisting, et cetera, comes in. And then the instruction tells the jury that mere presence of the firearm at the scene is not enough to find possession in furtherance. So what are you proposing here? That we would reverse on the 922G and affirm on the other because we can split the baby here and say in furtherance means something else and doesn't involve possession? No, Your Honor. I would say you affirm on everything because the defendant cannot meet his burden to show a reasonable probability of a different outcome. And it hinges on the 924C. Because the jury made the finding as to the defendant possessing the weapon in order to further his drug business, then you know when you look at 922G1 that the defendant already made that finding as to 924C. So it does not undermine this court's confidence or it shouldn't, my argument is. Pretty clever. I mean, you're saying you're convicted and there's evidence to support, instructions are proper as regards one counsel, therefore you're guilty of the other one. Just that when you're in applying plain error review that a reason that this court's confidence should not be undermined and why the defendant cannot meet his  it goes back to what the jury was required to find in order to find the defendant guilty beyond a reasonable doubt on 924C. And that that is, I guess, where the harmlessness comes from. And here the burden remains on the defendant on plain error review. But that, yes, the fact that the jury had to make the finding under 924C that the controller possession of that gun was to further his drug trafficking, to promote it, assist it, et cetera, that that then tells this court and gives this court the confidence that wasn't there in Simpson, that wasn't there in Benford, but that's what distinguishes this case. You know the jury found him guilty beyond a reasonable doubt on 924C and what we're arguing is implicit in that conviction was that the defendant intended to exercise control over that weapon. Not only that he knew it was there and could control it, but he intended to because how is he going to promote and assist and accomplish his drug crime if he doesn't intend to possess that weapon and use that weapon? So that's what makes this case different than this court's earlier cases in Benford and Simpson specifically. And we also argue that that is why on the fourth prong this court should not exercise its discretion to reverse because the integrity, the fairness of the proceeding is protected by that 924C conviction. But he stands convicted of two counts, right? Yes, Your Honor. And he's sentenced on two counts. So you buy one, get one free here? No, Your Honor. I believe our argument is strong both to allow this court to affirm on the 924C count and the 922G1. It would be a different case entirely if the defendant had not been convicted of the 924C count. Well, aren't you asking the jury to ignore the express instruction as to the 922G, which was wrong? I mean, they're instructed you don't have to find intent. And then you're, I mean, you want to imply the intent required into? I don't know. I mean, why wouldn't the jury follow the incorrect instruction with regard to just the possession? Well, we do argue in our point, too, that we presume and this Court presumes that the jury does follow instructions unless there's overwhelming evidence. And we concede here that the incorrect instruction was given just as to the definition of constructive possession. But here the jury for the 924C count had to find that the gun, the defendant had the gun for a particular purpose. And I guess what we are arguing is that although there was instructional error, in this case it doesn't rise to the level of undermining the confidence that had the jury been properly instructed on constructive possession, they would have convicted. And you can feel confident in that because of the arguments I previously made on 924C. So we acknowledge that the incorrect instruction was given on constructive possession. But here, unlike Simpson and Benford, because there was a conviction on 924C, you can have confidence in the, in those two convictions. So they weren't required to find intent, but we have to be confident that they did find intent for the possession. As to the possession. Okay. But because 924C has this additional component that it has to be in furtherance of the drug trafficking crime, and my argument is that that includes a mens rea or intent element because it's for the purpose of. Right. So that's okay. Why? What was the purpose that the defendant had that gun or needed that gun? It's for the purpose of his drug, to promote, et cetera, his drug trafficking crime. So I guess I'm saying there is an intent, a separate intent element within that for the purpose of. And that can be used to show that he must have intended to possess the weapon, even though the jury wasn't instructed on that point. Thank you. Is this a model instruction that's used, has been used, continues to be used? Your Honor, I'm certainly hoping it does not continue to be used, but it was a model instruction that was being used, and this court's little. In Kansas City only, or? I don't believe so, Your Honor. I haven't done the research, but I think that was part of the Tenth Circuit pattern criminal instructions until very recently when they were updated, and now updated to reflect little and other changes in the law. And just as to issue number two, unless there are any more questions on the first issue, just briefly, I'd just like to address the point that the district court did give prophylactic jury instructions, and that made very clear that earlier inconsistent statements of witnesses were brought to your attention only to help you decide how believable their testimony was, and the district court told the jury, you cannot use it as proof of anything else. So there was a clear instruction to the jury on that, in addition to the typical instruction that lawyer statements and arguments are not evidence. And this court has said, as recently as the Dada case last year, that this court presumes that the jury does follow district court's instructions, and also in the Supreme Court's 2016 case in Kansas v. Carr, the court there also discussed this presumption and made clear what a narrow exception, like that Bruton, discussed that Bruton was an exception to this general presumption that the jury follows instructions, but they were not willing, they said, we've declined to extend, we have declined to extend that exception. So recently, the Supreme Court has reaffirmed that this presumption is a strong one, that they are not inclined to find additional exceptions of it. I'll also point out, it was a brief comment during counsel's summation, and the defense counsel who spoke last then got up and made clear to the jury that that recording that they heard of Ms. Humrich House was a prior inconsistent statement, which as the judge had instructed could only be used to go to credibility or believability. And that instruction that you referred to, was that made at the time of the testimony and then restated in the formal instructions to the jury? I don't believe so, Your Honor. I believe they were given at the end of the trial, but before closing arguments. Okay. Yes. Thank you. Unless there are further questions, I will yield to my 50 seconds. Thank you. Thank you very much. Just a few quick points. So as I was preparing for argument, I actually did pull the Possession with Intent to Distribute instruction and tried to do a side-by-side comparison with the 924C instruction because I anticipated this argument about how that 924C instruction and I think that the key difference here is that in the 924C instruction, there are two elements to 924C and one of them is Possession Infurtherance and then the jury is given a road map for how Infurtherance is defined. And there is no similar separate road map in the Possession with Intent to Distribute instruction. The jury's road map is the Infurtherance factors. So I do think that, you know, the two circumstances are distinguishable and that there's just a lot more ambiguity in the 924C instruction. And that's really all that we need here is uncertainty. I mean, whether the verdict is called into question. And I think that kind of brings me to my next point, which is if the statements of counsel are kind of extricated from the trial, so assume they never happened and then assume that the jury was properly instructed on the definition of constructive possession, I think that it does undermine faith in the outcome of the verdict. And that's why I think these two errors really do work together to create this kind of perfect storm where the gun charges are, there's just not confidence that the jury would have convicted if my hypothetical perfect trial had happened. And, you know, in terms of the instructional, the jury follows the court's instructions. As I said, I think that there are certain cases in which one can't assume that that has happened. There was no contemporaneous instruction. The specific witnesses weren't called out in the court's instructions. And although defense counsel did make some of those points in his argument, this court has lots of cases that say that the prosecutor's statements are taken more seriously by the jury than statements of counsel. If there are no further questions, I would ask this court to vacate the gun charges and order a new trial. Thank you. Thank you. Thank you both for your arguments. The case is submitted.